PEPLINSKI, Appellant, vs. NICHOLS, Respondent.

*September 15—October 4, 1910.*

*Sales: Acceptance by vendor of rescission: Acts of ownership.*

Acts of the vendor, after a machine had been returned to his possession by the vendee, in taking it to his own premises for the purpose of caring for it, or in offering a part of it in evidence to show that it was not defective, cannot be considered as acts of ownership which would amount to an acceptance of a rescission of the sale.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action to recover the purchase price of a horse rake sold by the plaintiff to the defendant February 7, 1907, the defense being rescission of the contract. The evidence showed the sale of a rake by the plaintiff to the defendant under a contract of warranty by which plaintiff warranted the rake to do good work, to be well made, of good material, and durable if used with proper care. It was further agreed that if upon one day's trial with proper care the rake failed to work, purchaser should immediately give notice to the plaintiff, stating wherein the machine failed, and should then allow reasonable time for a competent man to be sent to put it in good order, and render necessary and friendly assistance to operate it, and that if the machine could not then be made to work well, purchaser should immediately return it and the price should be refunded, which should constitute a settlement of the transaction; that use of the machine after one day or

in harvesting more than twelve acres, or failure to give writ-
ten notice to the plaintiff, or failure to return the machine as
specified, should constitute an acceptance of the machine in
fulfilment of the warranty. The evidence further showed
that the defendant used the rake in the haying season of 1907
and claimed that it did not do good work, and declined to pay
for it in the fall of 1907; that the parties then agreed that
the warranty should be extended for another year; that dur-
ing the haying season of 1908 the plaintiff went to the de-
fendant's farm to try the rake and make it operate satisfac-
torily; that he found two small castings broken and some
teeth bent, and that he went away and procured the necessary
castings and came back a few days later to try the machine
again. There is some dispute in the testimony as to just
what happened when the plaintiff returned, but according to
the plaintiff's testimony he adjusted the castings and started
with the machine to go to the hay field, and in doing so neces-
sarily went out into the highway; that when he got into the
highway the defendant refused to allow him to return upon
his premises with the rake and announced that he would not
take the rake back. There was some testimony to the effect
that the plaintiff offered the rake for sale to a neighbor after
this expulsion from defendant's farm, but this was denied by
plaintiff. Plaintiff admitted that he tried the rake to see if
it would work, but denied that he had made any further use
of it. He stored it, however, upon his own premises. Testi-
mony was conflicting on the trial as to whether the rake did
good work or not. At the close of the trial plaintiff an-
nounced that he had a witness on the road to court who was
bringing a portion of the rake in question for the purpose of
introducing it in evidence to show the condition of the wood-
work of the machine, and that he would like to have the case
held open in order to put it in evidence. The court then said:

"It appearing from the statement of counsel that the wit-
nesses who are expected to arrive on the train, which is some-

what behind time, are witnesses for the plaintiff; that they are bringing with them a portion of the machine to be used on behalf of the plaintiff. Now, the view I take of this case makes the evidence entirely immaterial. When *Mr. Peplinski* in 1908 went to the farm of the defendant in accordance with the agreement made the previous year that the warranty should be extended for a year, and made repairs upon the machine, and the defendant refused to accept it and the plaintiff took it away with him, exercising acts of ownership over it, retaining possession of it ever since, and is attempting to bring into court portions of the machine as evidence on his behalf, I think he is out of court."

Thereupon the court directed a verdict for defendant, and from judgment thereon the plaintiff appeals.

For the appellant there were briefs by *Wallrich, Dillett & Larson,* and oral argument by *A. J. Dillett.*

For the respondent the cause was submitted on the brief of *James H. McGillan.*

WINSLOW, C. J. The defense here was that the contract had been rescinded according to its provisions because the rake was not as warranted. There was serious dispute upon the question whether the rake in any way failed to come up to the requirements of the warranty, hence no verdict could be directed on the ground that breach of the warranty was proven without dispute.

The court seems to have directed a verdict because he thought that the plaintiff had accepted a rescission by acts of ownership over it after he had it in his possession. In this we think there was clear error. Of course, when the defendant denied the plaintiff admission to his premises for the purpose of trying the rake, the plaintiff was entirely justified in taking the rake to his own grounds. Probably he would not have been justified in leaving it in the highway. This act, if simply for the purpose of caring for the rake, cannot be called an act of ownership which would amount to an acceptance

of the offered rescission.    The plaintiff denied that he offered
the rake for sale to any person; and the fact that he proposed
to offer a part of it in evidence as showing that it was not de-
fective cannot logically be construed as an act of ownership.
The case of *Cream City G. Co. v. Friedlander,* 84 Wis. 53,
54 N. W. 28, is entirely misconstrued if it be thought to
hold such a doctrine.    There the use which was held to be an
act of ownership was a consumption of the article.    The case
here should have been submitted to the jury.

*By the Court.*—Judgment reversed and action remanded
for a new trial.